**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-08088-001-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Christopher Michael Wasar, | |
| Defendant. | |

This is a criminal prosecution in which the defendant, Christopher Michael Wasar ("Defendant"), has pleaded guilty to a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the crime of Felon in Possession of Firearm, and is awaiting sentencing. (Docs. 26, 27.) Following the change-of-plea hearing, the government moved for, and the Court granted, a preliminary order of forfeiture as to various firearms and rounds of ammunition. (Docs. 29, 30.) Afterward, non-party Jessica Graham, who is apparently Defendant's ex-wife, filed a *pro se* document in which she "officially petition[ed] for the return of" six of the firearms identified in the preliminary order of forfeiture and "included a copy of the purchase receipts" for the six firearms in question. (Doc. 33.) Following (and in response to) Ms. Graham's submission of this petition, the government initiated an *in rem* civil forfeiture proceeding with respect to the six firearms, which has now been transferred the undersigned judge. *United States v. Six Firearms*, CV 21-00672-PHX-DWL. Additionally, the government filed a notice in this action in which it made clear that it opposes Ms. Graham's request for return of the six firearms, because it believes that she "knew

defendant Wasar was a convicted felon" and "knowingly allowed him to possess her firearms" and thus "aided and abetted a felon to possess her firearms," but further believes that "[a]rguably, in the present criminal case the Court cannot forfeit Jessica Graham's interest in the six firearms as she was not charged and she owns them." (Doc. 42 at 2 & n.1.)

Given this backdrop, the Court must address whether it is necessary to hold an ancillary hearing in this action (as opposed to resolving all forfeiture issues related to Ms. Graham's interest in the six firearms in the separate *in rem* civil forfeiture proceeding). On the one hand, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that if "a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding." Here, the Court construes Ms. Graham's filing as an attempt to file such a petition. *See generally United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) ("Section 853(n) specifies procedures under which third parties may assert their interests in the forfeited property. After the court enters the preliminary order of forfeiture as part of the defendant's sentence, the United States must publish notice of the order. A third party claiming an interest in the property may then petition for an ancillary hearing."). On the other hand, under 21 U.S.C. § 853(n)(3),[1] "[t]he petition *shall be signed by the petitioner under penalty of perjury* and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* (emphasis added). Here, Ms. Graham's petition is not signed under penalty of perjury. This failure, alone, justifies dismissal of her petition. *See, e.g., United States v. Sarabia-Ramirez*, 2019 WL 1493338, *1 (E.D. Cal. 2019) (dismissing ancillary petition in part because "although signatures from both petitioners appear on their submission, it is not signed by either petitioner under penalty of perjury"); *United States v. Aitken*, 2010 WL 2951171, *2 (D. Nev. 2010) ("The Court need not conduct [an ancillary] hearing because Petitioners' petition is inadequate

---

[1] Although this statutory provision appears in Title 21, it is also applicable in criminal forfeiture proceedings related to firearms. *See* 18 U.S.C. § 982(b)(1).

under the statutory requirements. Specifically, Petitioners have failed to sign the petition under penalty of perjury. Such a failure warrants dismissal.").

Given this somewhat unusual state of affairs, Ms. Graham's petition for return of the six firearms will be denied. This outcome should not have any practical impact on Ms. Graham's ability to dispute the government's allegations and seek the ultimate return of the six firearms because the government has initiated a separate *in rem* civil forfeiture action related to the six firearms (in which Ms. Graham will have every opportunity to participate), has conceded that Ms. Graham is the owner of the six firearms (which calls into question whether they are subject to criminal forfeiture in this action—an issue that can be resolved at sentencing), and has, at any rate, disclaimed any intention to forfeit Ms. Graham's interest in the six firearms as part of this action.

Accordingly, **IT IS ORDERED** that Ms. Graham's petition (Doc. 33) is **denied.**

Dated this 19th day of May, 2021.

Dominic W. Lanza
United States District Judge